## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE

---------------------------------------------------------
BENJAMIN FISH

                Plaintiff,                Civil Action No. 2:17-cv-02093

    v.

STONE, HIGGS & DREXLER, P.C.

                Defendant.
---------------------------------------------------------

## **PLAINTIFF'S MOTON FOR PARTIAL SUMMARY JUDGMENT**

**I.    Introduction.**

When a debt collection law firm sues a consumer, it naturally operates from a clear position of advantage. Generally consumers have no idea how the legal system works, and cannot afford counsel to protect their rights. As a result, consumers almost always have no chance resisting the collector's action, and the overwhelming majority of collection lawsuits result a default judgment.

Even though collection attorneys already operate at a significant advantage, some savvy collection firms make use of sharp practices to ensure that they obtain their desired results with minimal resistance. The United States Congress has not turned a blind eye to this situation, and in the 1970's it enacted the Fair Debt Collection Practices Act ("FDCPA") to curb these practices.

Among the protections Congress created is a ban on filing collection actions in jurisdictions where consumers have no reasonable opportunity to defend themselves. Specifically, § 1692i of the FDCPA requires debt collectors to bring legal actions on a debt

in the judicial district where either the consumer lives, or where the obligation that created the debt was signed.

This provision ensures that consumers are not dragged in to litigation in a distant venue, where they have to incur the cost of travelling to defend themselves. It also helps keep the imbalance of power between collection attorneys and the consumers from nullifying the due process guaranteed by the United States Constitution. As such, § 1692i is a cornerstone of the FDCPA's consumer protection scheme. This matter arises from a collection law firm's utter disregard of this vital protection, and the resulting harm it caused.

In November of 2014, a company named Pioneer Credit Co. filed suit against Plaintiff Benjamin Fish in the Desoto County Justice Court, and obtained a judgment against him. Thereafter, Defendant, Stone Higgs and Drexler (hereinafter "SHD"), filed a complaint in Tennessee to have the judgment enrolled and verified in Tennessee. While Pioneer obtained its judgment in a court that was located in Mr. Fish's county and just ten minutes from its home, SHD filed its Tennessee complaint in an entirely different state. Mr. Fish did not live in Tennessee when SHD filed its Complaint there, and he did not sign the agreement he was sued on there. Thus, SHD plainly violated § 1692i.

Unsurprisingly, given that the action was filed in another state, Mr. Fish failed to respond to SHD's complaint, and Pioneer's judgment was entered in Tennessee. Thereafter, SHD requested the Tennessee court issue a writ of fieri facias, and a wage execution against Mr. Fish, which SHD used to garnish his wages. Again, SHD took these actions in a state Mr. Fish did not live in, and where he did not sign the agreement creating the debt. Therefore, SHD's garnishment violated § 1692i. Because there is no issue of

material fact regarding any of the forgoing, Mr. Fish is entitled to summary judgment on his claims that SHD violated § 1692i of the FDCPA.

**II.     Factual Background.**

At all times relevant to this action, Mr. Fish lived in Horn Lake, Mississippi. Plaintiff's Separate Statement of Facts ("SOF") attached hereto at ¶ 1. Mr. Fish took out a loan with Pioneer Credit Co. to pay the rent on his residence. *Id.* at ¶ 2. The loan was offered in the form of a check that came in the mail, which Mr. Fish only had to sign and deposit to accept. *Id.* at ¶ 3. Mr. Fish signed the agreement for his with Pioneer in a Kroger Grocery store in Horn Lake, Mississippi, thus he did not sign any agreement for his loan in Tennessee. *Id.* at ¶ 4.

Thereafter, on November 13, 2014, Pioneer Credit Co. sued Mr. Fish in the DeSoto County Justice Court in Southaven, Mississippi to collect on the loan. *Id.* at 5. On December 19, 2014, Pioneer obtained a judgment against Mr. Fish. *Id.* On June 4, 2015, SHD filed a complaint in the Circuit Court of Tennessee for the Thirtieth judicial District at Memphis to authenticate and enroll Pioneer Credit Co.'s judgment in Tennessee. *Id.* at ¶ 6. SHD's filing commenced a new action in Tennessee. *Id.* at ¶ 7. The Tennessee Circuit court created a new case in its system, and issued a summons for Mr. Fish dated February 11, 2016. *Id.* The summons directed Mr. Fish to file an answer or objection to SHD's complaint within 30 days. *Id.* at ¶ 8. If Mr. Fish failed to do so, Pioneer's judgment would be entered against him in Tennessee and the clerk could execute on the judgment against him. *Id.* at ¶ 9.

On May 16, 2016, the Tennessee Circuit Court entered a judgment on SHD's complaint, which ordered Mr. Fish to pay pioneer $1,676.50, including interest at 5.25

percent from the date of the order and "10 percent interest post judgment for all of which execution may issue." *Id.* at ¶ 10. On August 22, 2016, SHD filed a request with the Tennessee Circuit Court to issue a writ of fieri facias, and an affidavit requesting the court levy execution on Mr. Fish's wages. *Id.* at ¶ 11. Thereafter, Mr. Fish's wages were garnished until the debt was paid in full. *Id.* at ¶ 12.

### III.     Standard of Review.

Summary judgment is proper if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A.,* 12 F. 3d 1382, 1388-89 (6th Cir. 1993). Under the FDCPA, "proof of one violation is sufficient to support summary judgment for plaintiff." *Stojanovski v. Strobl and Manoogian, P.C.*, 783 F. Supp. 319, 323 (E.D. Mich. 1992).

The FDCPA "imposes strict liability for violations." *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 438 (6th Cir. 2008); *see also Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008) ("The FDCPA makes debt collectors liable for violations that are not knowing or intentional."). "[A]s a remedial statute, the FDCPA is liberally construed in favor of the consumer." *Stolicker v. Muller, Muller, Richmond, Harms, Myers, and Sgroi, P.C.,* No. 1:04–cv–733, 2005 WL 2180481, *3 (W.D.Mich. Sept. 9, 2005) (citing *Johnson v. Riddle,* 305 F.3d 1107, 1117 (10th Cir.2002)); *see also Russell v. Goldman Roth Acquisitions, LLC*, 847 F. Supp. 2d 994, 1006 (W.D. Mich. 2012).

**IV. Mr. Fish is a "consumer," SHD is a "debt collector," and the alleged obligation at issue in this action is a "debt" as defined by the FDCPA.**

To state a claim for a violation of the FDCPA, a plaintiff must show that (1) he is a "consumer"—that is a natural person obligated to pay a debt; (2) the debt at issue is a "Debt"—that it arose out of a transaction entered into "primarily for personal, family, or household purposes"; (3) the defendant is a "debt collector"; and (4) the defendant violated a provision of the FDCPA. *Clark v. Lender Processing Servs., Inc.*, 949 F. Supp. 2d 763, 774 (N.D. Ohio 2013), *as corrected* (July 22, 2013), *aff'd sub nom. Clark v. Lender Processing Servs.*, 562 F. App'x 460 (6th Cir. 2014).

Mr. Fish is a "consumer" as defined by the FDCPA. He is a natural person who was obligated to pay a debt, which SHD sued him to collect. SOF at ¶¶ 2; 5; 15 U.S.C. § 1692a(3). The debt at issue arose from a loan Mr. Fish obtained to pay the rent on his personal residence. SOF at ¶ 2. Thus, the debt was incurred for personal and family purposes, and therefore is a "debt" the covered by the statute. *See* 15 U.S.C. § 1692a(5).

SHD's website proudly proclaims that it "handles general civil litigation issues primarily involving collection matters . . . ." SOF at ¶¶ 13-14. SHD's website further explains in detail that it will file collection actions within seven days of placement and that it only requires those seeking its collection services to provide a check and a sworn account. *Id.* SHD's website further explains in detail its standardized collection procedures. *Id.* Given that SHD has a standardized collection process, and admits that it handles primarily collection matters, it is clear that SHD regularly collects debt for others. Therefore SHD is a "debt collector" as defined by the FDCPA. *See* 15 U.S.C. § 1692a(6).[1]

---

[1] Should this Court have doubts whether SHD is a debt collector as defined by the FDCPA, the court should deem admitted Mr. Fish's request for admission #8, which requested Defendant admit that it was a debt collector as defined by 15 U.S.C. § 1692a(6). This

**V.    SHD violated 15 U.S.C. § 1692i(a)(2) by bringing actions against Mr. Fish, to collect a debt, in a judicial district where he did not live and where he did not sign the agreement creating the debt.**

Section 1692i(a)(2) of the FDCPA, provides:

**(a) Venue**

Any debt collector who brings any legal action on a debt against any consumer shall—

\*     \*     \*

**(2)** in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity—

   **(A)** in which such consumer signed the contract sued upon; or

   **(B)** in which such consumer resides at the commencement of the action.

15 U.S.C. § 1692i(a).

Section 1692i proscribes the "unfair practice" of filing legal actions on debts in "distant or inconvenient forums that can make it difficult for debtors to appear." *Hess v. Cohen & Slamowitz LLP*, 637 F.3d 117, 120 (2d Cir. 2011) (quoting S. Rep. No. 95382, at 5 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699). "The venue provision of the FDCPA was designed to limit the ability of debt collectors to file debt collection actions in courts inconvenient to the debtor." *Blakemore v. Pekay*, 895 F. Supp. 972, 978 (N.D. Ill. 1995).

---

request supplied a concrete definition, and was crystal clear.  There was simply no excuse for failing to answer.  However, instead of just admitting or denying this request, Defendant refused to answer and claimed that the "information Defendant knows or can readily obtain is insufficient to enable it to admit or deny this request."  *See* Defendant's responses attached hereto as Exhibit A.  This evasive answer is par for the course for Defendant given that Defendant did not deign to answer Plaintiff's interrogatories or requests for production, and repeatedly failed to respond to Plaintiff's counsel's requests to set up a conference pursuant to Fed. R. Civ. P. 37.

      **A.    SHD violated § 1692i by bringing an action against Mr. Fish to domesticate a judgment, in a county that Mr. Fish did not live in, and where Mr. Fish did not sign the agreement creating the debt.**

To establish a claim under § 1692i(a), a consumer must show (1) that a collector brought a "legal action on a debt," (2) against the consumer, and (3) that the action was brought in a "judicial district or similar legal entity" other than that in which the consumer lived at the time of filing, or where the agreement that created the debt was signed. *See* 15 U.S.C. § 1692i(a).

      **1.    By filing a complaint to authenticate and enroll Pioneer Credit Co.'s judgment against Mr. Fish, SHD brought a "legal action on a debt" within the ambit of 15 U.S.C. § 1692i(a).**

Congress is presumed to say what it means and mean what it says. *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6, 120 S. Ct. 1942, 1947, 147 L. Ed. 2d 1 (2000)  In drafting § 1692i(a), Congress purposely used very broad language. Thus, instead of covering just "lawsuits," § 1692i(a) covers "any legal action on a debt." *See* 15 U.S.C. § 1692i(a). In light of the plain language of the statute, numerous courts have construed § 1692i(a) to cover any post judgment proceeding relating to a debt. *Smith v. Solomon & Solomon, P.C.*, 887 F. Supp. 2d 334, 337 (D. Mass. 2012), *aff'd,* 714 F.3d 73 (1st Cir. 2013) (A post judgment action to attach wages "clearly constitutes a 'legal action on a debt' under the FDCPA, consistent with the statutory definition of debt in 15 U.S.C. § 1692a(5)."); *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1515 (9th Cir. 1994) ("Because 'debt' includes obligations reduced to judgment, any judicial proceeding relating to such a judgment constitutes a 'legal action on a debt.' "); *Jackson v. Blitt & Gaines, P.C.*, 833 F.3d 860, 863 (7th Cir. 2016) ("We agree that 'legal action' under § 1692i means all judicial proceedings.").

Here, SHD obtained a judgment against Mr. Fish in Mississippi, and thereafter filed a complaint to authenticate and enroll that judgment in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis, on June 4, 2015. SOF at ¶¶ 5-6. Like any other complaint, SHD's filing commenced a new case in the Memphis Circuit Court and required SHD to serve process regarding the enrollment on Mr. Fish. *See* T.C.A. § 26-6-105. The Memphis Circuit Court issued process to Mr. Fish that directed him to file an objection or an answer to SHD's request to enroll the judgement within 30 days of service. SOF at ¶¶ 7-8. Unsurprisingly, given that the action was filed in another state, Mr. Fish did not respond to the complaint and Pioneer's judgment was entered in Tennessee. *Id.* at ¶ 10. After the judgment was entered, SHD filed paperwork[2] with the Memphis Circuit Court to garnish Mr. Fish's wages. *Id.* at ¶ 11. And, as a result of the garnishment, Mr. Fish's paycheck was garnished until the debt was satisfied in full. *Id.* at ¶ 12.

SHD's complaint to authenticate and enroll its foreign judgment commenced a new legal proceeding in Tennessee, which required Mr. Fish to take action in another state to protect his rights. Moreover the complaint was an integral step in SHD's collection of Mr. Fish's debt. Thus it is a "legal action on a debt."

### 2. SHD's complaint to authenticate and enroll its judgment was "against" Mr. Fish.

In determining whether an action taken to collect a debt was taken against a consumer, a split in authority has emerged, and the Sixth Circuit has not opined on the issue. Some courts have adopted a more protective approach that is consistent with the FDCPA's purpose and plain language. These courts have found that post judgment legal

---

[2] Specifically, a request for the Memphis Circuit Court to issue a writ of fieri facias, as well as an affidavit requesting the court levy execution on Mr. Fish's wages

actions, even those that are facially directed to third parties (like wage garnishments), are still taken against the consumer. *See Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1515 (9th Cir. 1994); *Smalling v. Lloyd*, No. 2:11-CV-193, [Doc. 17] (E.D. Tenn. Sept. 25, 2012) (garnishment action was action against consumer); *Adkins v. Weltman, Weinberg & Reis Co.*, 2012 WL 604249 (S.D. Ohio Feb. 24, 2012) (garnishment action was action against consumer, because "[t]he judgment debtor-as the real party in interest-has a due process right to notice of the garnishment and an opportunity to defend"); *Smith v. Kramer & Frank*, 2009 WL 4725285 (E.D. Mo. Dec. 2, 2009) (garnishment action was covered by section 1692i, where consumer had to defend in neighboring county); *Flores v. Quick Collect, Inc.*, No. CIV. 06-1564-AA, 2007 WL 2769003, at *3 (D. Or. Sept. 18, 2007); *Elliot v. Household Credit Services*, 1995 WL 779100, 15 Conn. L. Rptr. 496 (Conn. Super Dec. 11, 1995) (bank garnishment was within ambit of section 1692i because consumer would have to travel to quash garnishment).

However, other courts have taken a more formalistic approach, where the analysis turns not on who is ultimately affected by an action, but to whom the action is facially directed. *See e.g. Jackson v. Blitt & Gaines, P.C.*, 833 F.3d 860, 866 (7th Cir. 2016) (garnishment not an action against a consumer based on features of Illinois garnishment law); *Hageman v. Barton*, 817 F.3d 611, 619 (8th Cir. 2016) (following *Smith*, Illinois law made clear that action was against employer); *Smith v. Solomon & Solomon, P.C.*, 887 F. Supp. 2d 334, 340 (D. Mass. 2012), *aff'd,* 714 F.3d 73 (1st Cir. 2013) (garnishment action directed employer to act, subjected employer to jurisdiction of court and penalties, thus action was against employer); *Pickens v. Collection Servs. of Athens, Inc.*, 165 F. Supp. 2d 1376, 1380 (M.D. Ga.), *aff'd sub nom. Pickens v. Collection Servs.*, 273 F.3d 1121 (11th

Cir. 2001) (because state law specified that garnishment action was action between creditor and debtor's employer, garnishment was not action filed against a consumer).

These courts determine who an action is against by looking to (1) who the court orders to do something, (2) who is served with the summons, (3) who is subject to the court's jurisdiction, (4) who must answer the summons, and (5) against whom the judgment will be entered. *See Smith*, 887 F. Supp. 2d at 340; *Hageman*, 817 F.3d at 619.

Here, under either approach SHD's complaint to authenticate and enroll its judgment was filed *against* Mr. Fish. As a result of SHD's filing, Mr. Smith was issued a summons, which commanded him to file an answer or objection within 30 days. SOF at ¶¶ 8-9. When he did not, a judgment was entered against him in the Memphis Circuit Court. *Id.* at ¶ 10. Moreover, no other person or entity was made a party to the domestication action. And no other party had any authority to appear or respond to the domestication action. Thus, the only person that the domestication action could be against would be Mr. Fish.

> **3. Mr. Fish did not live in Tennessee when SHD filed its complaint to authenticate and enroll Pioneer's judgment there and Mr. Fish did not sign the agreement creating the debt in Tennessee.**

While the FDCPA does not provide a definition for "judicial district or similar legal entity," decisions interpreting the statute have made clear that "judicial district or similar legal entity," can be read as "county." *See Fox*, 15 F.3d at 1515 (separate counties were judicial districts or similar legal entities notwithstanding that the state comprised one federal district); *Samms v. Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP*, 163 F. Supp. 3d 109 (S.D.N.Y. 2016) (bringing an action in a county consumer did not live in violated § 1692i); *see also Nichols v. Byrd*, 435 F. Supp. 2d 1101 (D. Nev. 2006) (Sparks and Reno Justice Courts in Nevada were separate venues, for

purposes of Fair Debt Collection Practices Act's (FDCPA) venue provision, even though they were both in same state judicial district).

Here, Mr. Fish lived in Mississippi when SHD filed its complaint to authenticate and enroll Pioneer's judgment in Tennessee. SOF at ¶ 1. Moreover, Mr. Fish signed the agreement for the loan in Mississippi. *Id.* at ¶ 4. Thus he did not live in the state, county, city, or judicial district where SHD filed its complaint. Thus, SHD's complaint to authenticate and enroll Pioneer's judgment violated § 1692i(a)(2) of the FDCPA.

### B. SHD likewise violated § 1692i by requesting a writ of fieri facias and wage execution be issued against Mr. Fish, in a county that Mr. Fish did not live in, and where he did not incur the debt.

In addition to filing an action to domesticate its judgment against Mr. Fish in Tennessee, SHD also requested the Memphis Circuit Court issue a writ of fieri facias and a wage execution to garnish Mr. Fish's wages. SOF at ¶ 11. Garnishment actions constitute legal actions to collect on a debt within the ambit of § 1692i(a). *See Smith*, 887 F. Supp. 2d at 337; *Fox*, 15 F.3d at 1515; *Adkins*, 2012 WL 604249 at *6 ("a garnishment proceeding is without doubt a legal action"). Moreover, the garnishment action was taken in a state where Mr. Fish did not live or sign the agreement creating the debt. SOF at ¶¶ 1; 4. Therefore, as explained fully below, because SHD's garnishment action was taken against Mr. Fish, SHD violated § 1692i(a)(2) by bringing its garnishment action in Tennessee.

### 1. By requesting a writ of fieri facias and wage execution, SHD took action against Mr. Fish.

The Sixth Circuit has not decided whether a collector's post-judgment garnishment action is an action against the consumer. However, several reasons compel this Court to adopt the protective stance embodied in *Fox, Smalling,* and *Adkins*, and reject the formalistic approach embodied in *Smith*, *Hageman*, *Jackson*, and *Pickens*.

First, every district court within the Sixth Circuit that has dealt with § 1692i claims which arise from garnishment actions has adopted the protective stance. *In Adkins*, a debt collector garnished a consumer in the wrong county, and she brought a claim under § 1692i. *Adkins v. Weltman, Weinberg & Reis Co.*, 2012 WL 604249 at *6 (S.D. Ohio Feb. 24, 2012). The collector argued that the garnishment action was not brought against the consumer, but her employer. *Id.* The court rejected this argument, and looked past who the action was facially against, to who was actually impacted by the action:

> Only the judgment creditor and the judgment debtor have any beneficial interest at stake in a garnishment action. The nominal "defendant" in a wage garnishment, the employer-debtor of the employee-judgment debtor, has no claim to the money garnisheed. The employer's only interest is in not becoming liable to pay the wages to both the employee and the employee's judgment creditor. That danger is avoided by paying the wages into the court, which then determines who is entitled to those funds. The garnishment is not against the employer, it is against the employee-judgment debtor

*Id.*

The court also noted that "[t]he judgment debtor—as the real party in interest—has a due process right to notice of the garnishment and an opportunity to defend." And that "[i]t would put form over substance to find that a garnishment action is solely 'against' the third party debtor and not the judgment debtor." *Id.* at *1.

Likewise, in *Smalling*, a debt collector garnished a consumer in the wrong county, and the consumer brought a claim under § 1692i. *Smalling v. Lloyd*, No. 2:11-CV-193, [Doc. 17] at 1 (E.D. Tenn. Sept. 25, 2012). The collector argued that the garnishment action was brought against the consumer's bank, but the court disagreed. *Id.* at 5. The court stated that its decision was supported by a bulk of authority from other districts adopting the protective stance, as well as its obligation to construe the FDCPA extremely broadly. *Id.*

Because both of the district courts within the Sixth Circuit to face the issue have decided that garnishment actions are actions against consumers, it seems likely that the Sixth Circuit would similarly resolve the question. Moreover, because *Smalling* dealt with Tennessee's garnishment procedures, it is especially instructive.

### a. The formalistic approach creates public policy concerns that militate against its adoption.

Additionally, there are numerous policy reasons not to adopt the formalistic approach embodied by *Smith*, *Hageman*, *Jackson*, and *Pickens*. These courts exalt form over substance. While a consumer's employer may be the named party on a garnishment writ, the only parties with an interest in the action are the consumer and his creditor. *See Adkins*, 2012 WL 604249 at *6.

Moreover, the formalistic approach turns a blind eye to the due process concerns created by allowing collectors to bring actions in a place where a consumer has no reasonable opportunity to defend. Consumers have the right to assert exemptions in garnishment proceedings. These exemptions are important, they represent the legislature's limit beyond which a consumer cannot be further debased. They keep consumers "from being deprived of the items necessary for subsistence . . . [and prevent] them from becoming a burden upon the public." *Merrida v. Credit Acceptance Corp.*, No. 2160188, 2017 WL 1967738, at *3 (Ala. Civ. App. May 12, 2017). However, if collectors bring garnishment actions in far off jurisdictions, consumers are deprived of a reasonable opportunity to assert these exemptions, because travel expenses will generally outstrip the money sought by the garnishment, or preserved by an exemption.

The formalistic approach ignores this due process problem, and the courts that adopt this approach satisfy themselves that the consumer had an opportunity to be heard in

the original proceeding. *See e.g. Jackson*, 833 F.3d at 865. However, this conclusion does not follow. The original action may have created a judgment against the consumer, but it is the garnishment action that actually deprives the consumer of his property. This is the action the consumer *needs* to fight to keep his lights on and his children fed. It is just as important that he be able to appear at these proceedings as the original action, if not more important. Moreover, the liability in debt collection cases is almost always straightforward; the only argument a consumer usually has to make is that he is too poor to pay. This is an argument properly made a garnishment hearing, not a hearing on liability. Allowing garnishments to be prosecuted in places where a consumer cannot appear essentially divests consumers of the opportunity to make the only real argument they have.

What's worse is that the formalistic approach allows collectors to forum shop for states with limited consumer protections, which utterly frustrates states' efforts to protect their citizens. Garnishment isn't free. It passes several costs on to society in the form of judicial proceedings, economic insecurity (and the accompanying welfare costs), and domestic strife (and the accompanying law enforcement costs). Some states (Texas, Pennsylvania, North Carolina and South Carolina) have decided that these costs are too high, and have outright banned or severely limited wage garnishment.[3] *See* Tex. Const. art. XVI, § 28; 42 Pa. Stat. and Cons. Stat. § 8127; N.C. Gen. Stat. § 1-362; S.C. Code Ann. § 37-5-104. These states took a hard stance to protect their citizens. However, these states' efforts are rendered useless if collectors are allowed to file garnishments in

---

[3] To cases involving specific debt types like filial support obligations, taxes, student loans and lodging.

neighboring states. What's worse is that the social cost of garnishment will be imposed on the protective states while the revenue generated by it moves out of state.

Finally, the formalistic approach is inconsistent with the FDCPA's purpose and the Court's obligation to give the FDPCA an "extraordinarily broad" interpretation. *See* 15 U.S.C. § 1692(e); *Smalling v. Lloyd*, No. 2:11-CV-193, [Doc. 17] at 1 (E.D. Tenn. Sept. 25, 2012). One of the main purposes of the FDCPA is to promote uniform state action *See* 15 U.S.C. § 1692(e). Because the formalistic approach turns entirely on state law, and state law varies from state to state, under this approach whether a garnishment action violates federal law also varies state to state. This is the very result that Congress sought to avoid. *See* 15 U.S.C. § 1692(e). Another main purpose of the FDCPA is to protect consumers. *Id.* The formalistic approach robs consumers of a reasonable opportunity to assert exemptions, thus it completely disregards this purpose.

The formalistic courts disregard these concerns, and instead satisfy themselves that they are serving the FDCPA's goal of keeping compliant debt collectors from being unfairly disadvantaged. These courts have misunderstood Congress's mission statement, and have lost the forest for the trees. *Any* limitation on collection activity necessarily disadvantages compliant collectors. Collectors that use underhanded and aggressive tactics always have an advantage over those that do not. This is why noncompliant collectors still exist forty years after the FDCPA was enacted; there is just too much financial incentive to violate the law.

Congress did not intend for courts to serve its goal of keeping complaint collectors from being pushed out of the marketplace by giving the FDCPA a limited reading that defeats its remaining purposes. No, Congress protected compliant collectors by enacting

a private right of action that allows private attorneys general to bring actions against noncompliant debt collectors. These actions push bad collectors out of the marketplace, and eliminate the financial incentives that otherwise exist for engaging in bad conduct. The net effect is that the marketplace is policed for the benefit of all involved. This is Congress's true intent.

For these reasons this Court should join its sister courts in the Sixth Circuit, and adopt the protective approach embodied in *Fox, Smalling,* and *Adkins.*

## VI. Conclusion.

SHD plainly violated § 1692i by filing its complaint to enroll Pioneer's judgment, and garnishing Mr. Fish's wages in Tennessee. Mr. Fish did not live Tennessee when SHD filed these actions, and Mr. Fish did not sign the agreement he was sued on in Tennessee. Mr. Fish is entitled to summary judgment on his FDCPA claims against SHD.

Dated: July 26, 2017

s/Russell S. Thompson, IV
Russell S. Thompson, IV
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8898
866-317-2674 facsimile
rthompson@consumerlawinfo.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on July 26, 2017, I filed the foregoing with the Clerk of the U.S. District Court for the Western District of Tennessee, using the CM/ECF system of the Court which will send notification of the same to Defendant through counsel of record below as follows:

    Jonathan Stokes
    Richard Glassman
    Glassman, Wyatt, Tuttle & Cox, P.C.
    27 N 2nd St
    Memphis TN 38103
    jstokes@gwtclaw.com
    rglassman@gwtclaw.com

                                        s/Zachary Landis
                                        Zachary Landis