**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| BENJAMIN FISH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-02093-SHM-EGB |
| | ) | |
| STONE, HIGGS & DREXLER, P.C., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Benjamin Fish brings this action against Defendant Stone, Higgs & Drexler, P.C., alleging violation of Section 1692(i) of the Fair Debt Collection Practices Act ("FDCPA"). Before the Court are three motions.

First is Defendant's July 12, 2017 Motion for Summary Judgment. (ECF No. 17; see also ECF No. 17-1.) Plaintiff responded on August 9, 2017. (ECF No. 23.) Defendant replied on August 23, 2017. (ECF No. 25.)

Second is Defendant's July 12, 2017 Motion for Rule 11 Sanctions Against Plaintiff's Counsel ("Rule 11 Motion"). (ECF No. 18; see ECF No. 18-1.) Plaintiff responded on July 26, 2017. (ECF No. 22.)

Third is Plaintiff's July 26, 2017 Motion for Partial Summary Judgment. (ECF No. 20.) Defendant responded on August

23, 2017.  (ECF No. 24.)  Plaintiff replied on September 6, 2017.  (ECF No. 26.)

For the following reasons, Defendant's Motion for Summary Judgment is GRANTED.  Plaintiff's Motion for Partial Summary Judgment and Defendant's Rule 11 Motion are DENIED.

## I.  Background

At all relevant times, Plaintiff resided in Horn Lake, Mississippi.  (ECF No. 24-1 at 285.)[1]  Plaintiff received a loan from Pioneer Credit Company ("Pioneer").[2]  (ECF No. 21-1 at 183.) The loan was issued in the form of a check, which was mailed to Plaintiff's home.  (Id. at 183-84.)  After receiving the check, Plaintiff went to a bank branch in Horn Lake, endorsed the check, and cashed it.  (Id. at 185-86.)

On November 13, 2014, Pioneer filed an action against Plaintiff in the DeSoto County Justice Court in Southaven, Mississippi, to collect on the loan.  (ECF No. 21-2 at 189-90.) Plaintiff was given the opportunity to defend against the action, but did not.  (ECF No. 23-1 at 250.)  On December 19, 2014, Pioneer obtained a judgment against Plaintiff in the amount of $1,513.00.  (ECF No. 24-1 at 191.)

On June 4, 2015, Defendant filed a Notice of Filing of Foreign Judgment in the Circuit Court of Tennessee for the

---

[1] Unless otherwise noted, all pin cites for record citations are to the "PageID" page number.
[2] The record does not reveal when Plaintiff received the loan.

Thirtieth Judicial District at Memphis on behalf of Pioneer. (ECF No. 17-4 at 83.) The Notice sought to enforce the Mississippi judgment against Plaintiff. (Id. at 83-84.) On February 11, 2016, the Circuit Court of Tennessee issued a summons requiring Plaintiff to answer or object to the judgment against him within thirty days. (ECF No. 21-3 at 203.) Should Plaintiff fail, "the Clerk may issue execution on the foreign judgment against [Plaintiff]." (Id.) Plaintiff was served with the summons on March 7, 2016. (ECF No. 23-1 at 252; ECF No. 17-6 at 95.) Plaintiff did not answer or object.

On May 16, 2016, the Circuit Court entered an Order Authenticating and Enrolling Foreign Judgement. (ECF No. 17-7.) The Order authenticated the Mississippi judgment "[in] the sum of $1,676.50, including interest at 5.25 percent per annum through the date of the entry of this order, and 10 percent interest post-judgment." (Id.)

On August 22, 2016, Defendant asked the Circuit Court to issue a writ of fieri facias -- a document allowing the county sheriff to seize Plaintiff's assets in the amount of the judgment -- and asked the Court to "[l]evy execution on the wages of [Plaintiff]." (ECF No. 21-3 at 208-10; ECF No. 17-9 at 101.) On September 20, 2016, a Notice of Garnishment was served on Plaintiff's then-current employer, Radial. (ECF No. 23-1 at

3

252; ECF No. 17-9 at 101.)  On October 20, 2016, Radial filed
its Answer of Garnishee for Wages and Salary.  (ECF No. 23-1 at
252; ECF No. 17-10 at 104.)  On March 7, 2017, Defendant
informed the Circuit Court that the judgment against Plaintiff
had been satisfied on February 17, 2017.  (ECF No. 23-1 at 215.)

On February 10, 2017, Plaintiff filed this Complaint
against Defendant alleging violation of Section § 1692i of the
FDCPA.  (ECF No. 1 at 1.)

## II.  Jurisdiction

The Court has federal-question jurisdiction.  Under 28
U.S.C. § 1331, U.S. district courts have original jurisdiction
"of all civil actions arising under the Constitution, laws, or
treaties of the United States."  The Complaint asserts that
Defendant "violated 15 U.S.C. § 1692i(a)(2) by bringing a legal
action on a debt against Plaintiff . . . where the action was
not brought in the judicial district . . . where Plaintiff
resides or signed the contract creating the Debt."  (ECF No. 1
at 6.)  That claim arises under the laws of the United States.[3]

## III. Standard of Review

### A. Summary Judgment

Under Federal Rule of Civil Procedure 56, a court shall
grant a party's motion for summary judgment "if the movant shows

---
[3] Because the Court has jurisdiction over Plaintiff's federal-law claims under
28 U.S.C. § 1331, it need not address Plaintiff's claim that the Court also
has jurisdiction under 15 U.S.C. § 1692k(d).

that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party can meet this burden by pointing out to the court that the nonmoving party, having had sufficient opportunity for discovery, has no evidence to support an essential element of his case. See Fed. R. Civ. P. 56(c)(1); Asbury v. Teodosio, 412 F. App'x 786, 791 (6th Cir. 2011) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)).

When confronted with a properly-supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine dispute for trial. See Fed. R. Civ. P. 56(c). "A genuine dispute exists when the plaintiff presents significant probative evidence on which a reasonable jury could return a verdict for her." EEOC v. Ford Motor Co., 782 F.3d 753, 760 (6th Cir. 2015) (quotation marks omitted). The nonmoving party must do more than simply "'show that there is some metaphysical doubt as to the material facts.'" Adcor Indus., Inc. v. Bevcorp, LLC, 252 F. App'x 55, 61 (6th Cir. 2007) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

A party may not oppose a properly supported summary judgment motion by mere reliance on the pleadings. See Beckett v. Ford, 384 F. App'x 435, 443 (6th Cir. 2010) (citing Celotex

Corp., 477 U.S. at 324). Instead, the nonmoving party must adduce concrete evidence on which a reasonable juror could return a verdict in his favor. Stalbosky v. Belew, 205 F.3d 890, 895 (6th Cir. 2000); see Fed. R. Civ. P. 56(c)(1). The court does not have the duty to search the record for such evidence. See Fed. R. Civ. P. 56(c)(3); InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989).

Although summary judgment must be used carefully, it "is an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action[,] rather than a disfavored procedural shortcut." FDIC v. Jeff Miller Stables, 573 F.3d 289, 294 (6th Cir. 2009) (quotation marks and citations omitted).

The standard remains the same when both parties move for summary judgment. Taft Broad. Co. v. United States, 929 F.2d 240, 248 (6th Cir. 1991). "When reviewing cross-motions for summary judgment, the court must evaluate each motion on its own merits and view all facts and inferences in the light most favorable to the nonmoving party." Wiley v. United States (In re Wiley), 20 F.3d 222, 224 (6th Cir. 1994).

**B. Rule 11**

Federal Rule of Civil Procedure 11(b) provides that, when an attorney signs a written motion or pleading, the attorney certifies that the claims made therein are warranted by existing law or are nonfrivolous arguments to extend, modify, or reverse existing law. See Fed. R. Civ. P. 11(b). The purpose of Rule 11 is to deter baseless filings. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990).

"[T]he test for the imposition of Rule 11 sanctions is whether the individual's conduct was reasonable under the circumstances." Tropf v. Fidelity Nat'l Title Ins. Co., 289 F.3d 929, 939 (6th Cir. 2002). Rule 11 "stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule." Albright v. Upjohn, 788 F.2d 1217, 1221 (6th Cir. 1986). Rule 11 permits sanctions if "a reasonable inquiry discloses the pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay." Merritt v. Int'l Ass'n of Machinists & Aerospace Workers, 613 F.3d 609, 626 (6th Cir. 2010) (internal quotations marks and citation omitted).

## IV. Analysis

Section 1692i(a)(2) of the FDCPA provides that "[a]ny debt collector who brings any legal action on a debt against any consumer shall . . . bring such action only in the judicial district or similar legal entity: (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action."  15 U.S.C. § 1692i(a)(2).

### A. Statute of Limitations

The parties dispute whether Plaintiff's action is timely. An action under the FDCPA must be brought "within one year from the date on which the violation occurs."  15 U.S.C. § 1692k(d). Defendant argues that "the one (1) year statute of limitations began on June 4, 2015" because the Sixth Circuit "relies on the date of the filing of the allegedly improper 'legal action' in order to begin the running of the statute of limitations."  (ECF No. 17-1 at 68.)  Plaintiff contends that the "Sixth Circuit has not decided when the statute of limitations begins to run on § 1692i claims."  (ECF No. 23 at 243.)  Plaintiff urges the Court to rule that the statute of limitations begins to run when a plaintiff is served with the action that allegedly violates the FDCPA.  (Id.)

Defendant's approach to the statute of limitations has been followed by some courts. In Naas v. Stolman, for example, the Ninth Circuit held that the statute of limitations begins to run on the date the initial suit is filed. 130 F.3d 892, 893 (9th Cir. 1997). The court reasoned that the filing date was most sensible because "[f]iling a complaint is the debt collector's last opportunity to comply with the Act, and the filing date is easily ascertainable." Id.

Courts have largely abandoned the Naas approach. More recent decisions have adopted two views about when the statute of limitations begins to run in cases where the act allegedly violating the FDCPA is a debt collection or foreclosure lawsuit.

Some courts, such as the Tenth Circuit, hold that the limitations period begins to run when "the plaintiff has been served." Johnson v. Riddle, 305 F.3d 1107, 1113 (10th Cir. 2002). In Riddle, the Tenth Circuit reasoned that, "[i]f the debt collector files suit . . . but then elects to call off the process server and abandon the collection suit before the plaintiff has been served, it cannot be said that the abandoned lawsuit constitutes an 'attempt to collect' on the debt within the meaning of the FDCPA." Id. at 1113-14.

Other courts hold that the statute of limitations begins to run "when the plaintiff knows or has reason to know of the

injury which is the basis of the action." Lyons v. Michael &
Associates, 824 F.3d 1169, 1171 (9th Cir. 2016). Notice may,
but need not, arise from service. Courts refer to this rule as
the "discovery rule." Id. Courts applying the discovery rule
have reasoned that, if the FDCPA's statute of limitations begins
to run when suit is filed, it "would threaten to capriciously
limit the broad, remedial scope of FDCPA." Id. at 1172; see
Lembach v. Bierman, 528 Fed. Appx. 297, 302 (4th Cir. 2013)
("The only circuit to address whether to apply the discovery
rule to an FDCPA action has concluded that it should apply. . .
.We see no reason not to apply the discovery rule."); Serna v.
Law Office of Joseph Onwuteaka, P.C., 732 F.3d 440, 443 (5th
Cir. 2013) (holding that "a violation of § 1692i(a)(2) does not
occur until a debtor is provided notice of the debt-collection
suit"); Wagner v. BellSouth Telecom., Inc., 520 Fed. Appx. 295,
298 (5th Cir. 2013) (holding that the statute of limitations
period began to run when plaintiff "had constructive knowledge
that [defendant] was in violation of the FDCPA").

The Sixth Circuit has not taken a position. See Lloyd v.
Midland Funding, LLC, 639 Fed. Appx. 301, 306 (6th Cir. 2016)
("We have never decided whether [the FDCPA] statute of
limitations includes a discovery rule, and we need not resolve
that point today."). However, the Sixth Circuit has opined on a

10

similar issue.  In Tyler v. DH Capital Mgmt., Inc., 736 F.3d 455 (6th Cir. 2013), the court addressed when an FDCPA claim accrues for purposes of inclusion in a bankruptcy estate.  The court held that the claim accrues when the complaint is filed, rather than when the debtor learns of the complaint.  Id. at 464.

Although Tyler was a bankruptcy case, some courts have found its reasoning applicable to the statute of limitations in non-bankruptcy contexts.  See, e.g., Toops v. Citizens Bank of Logan, No. 2:14-cv-2086, 2015 WL 1526411, at *2-3 (S.D. Ohio, April 2, 2015) (noting that, "although Tyler was indeed a bankruptcy case, the analysis in that case nevertheless led to a clear holding that directs today's disposition" that the FDCPA statute of limitations begins to run when the complaint is filed); Vaughn v. National Collegiate Student Loan Trust 2006-3, No. 2:14-cv-194, 2014 WL 6686751, at *5 (E.D. Tenn., Nov. 26, 2014) (noting that, although the Sixth Circuit's decision in Tyler arose in a bankruptcy framework, "[t]he Sixth Circuit clearly stated . . . that the FDCPA statute of limitations begins to run at the time of filing, rather than service."). Other courts have limited Tyler's holding to bankruptcy cases. See, e.g., Mooneyham v. GLA Collection Co., Inc., No. 1:14-cv-179-GNS-HBB, 2015 WL 3607647, at *4 (W.D. Ky. June 8, 2015) (holding that Tyler is "inapposite" in deciding whether the

11

discovery rule applies in non-bankruptcy cases); Turnbull v. O'Reilly Rancilio, P.C., No. 16-11971, 2017 WL 976918, at *4 n.3 (E.D. Mich. Mar. 14, 2017) ("In [Tyler], however, the Sixth Circuit expressly limited its holding to bankruptcy purposes.").

The Court is persuaded that Tyler is limited to bankruptcy cases. See Tyler, 736 F.3d at 463; Lloyd, 639 Fed. Appx. at 306. The Court is further persuaded that the Fourth, Fifth, and Ninth Circuits are correct in holding that the FDCPA statute of limitations begins to run when the plaintiff knows or has reason to know of the alleged violation. The purpose of Section 1692 is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e); see also Henson v. Santander, 137 S.Ct. 1718, 1720 (2017) ("Disruptive dinnertime calls, downright deceit, and more besides drew Congress's eye to the debt collection industry. From that scrutiny emerged the Fair Debt Collection Practices Act . . . ."). "Congress . . . clearly intended the FDCPA to have a broad remedial scope." Hamilton v. United Healthcare of La., 310 F.3d 385, 392 (5th Cir. 2002); see Riddle, 305 F.3d at 1117 ("Because the FDCPA . . . is a remedial statute, it should be construed liberally in favor of the consumer."). Commencing the statute of limitations when the complaint is filed does not serve Section 1692's remedial purpose because a consumer is typically unaware of the

filing -- and thus unaware of the alleged FDCPA violation -- when it occurs. Commencing the statute of limitations when the complaint is filed would create a perverse incentive for debt collectors to delay service or otherwise prevent consumers from receiving notice of actions against them. See Serna, 732 F.3d at 446.

The initial violation Plaintiff alleges is the Notice of Filing of Foreign Judgment in the Circuit Court of Tennessee. On March 7, 2016, Plaintiff was served with a summons in that proceeding requiring him to answer or object. (ECF No. 23-1 at 252.) Nothing in the record suggests that Plaintiff had notice of the proceeding before he was served on March 7, 2016.

Plaintiff filed his Complaint on February 10, 2017. (ECF No. 1 at 8.) Less than one year had passed since Plaintiff received notice of the allegedly unlawful proceeding. Plaintiff's Complaint is timely under § 1692k(d)'s one-year statute of limitations.

### B. Threshold Requirements for Application of the FDCPA

To establish a violation of the FDCPA, Plaintiff must prove three elements. First, Plaintiff must be a "consumer." 15 U.S.C. § 1692a(3). Second, Plaintiff must show that the money being collected is a "debt." 15 U.S.C. § 1692a(5). Third,

Plaintiff must show that Defendant is a "debt collector." 15 U.S.C. § 1692a(6).

### 1. "Consumer" and "Debt"

Section 1692(a)(3) defines a consumer as "any natural person obligated or allegedly obligated to pay any debt." The meaning of consumer turns on the meaning of "debt" as used in § 1692(a)(5). A "debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

Defendant concedes that Plaintiff is a natural person, but contends that Plaintiff has failed to meet his burden of proving that the money collected by Defendant was a "debt." (ECF No. 24 at 271-72.) Defendant contends that Plaintiff "offers no legal support for his conclusion [that] this use of money equates to being used for 'personal, family, or household purposes.'" (Id. at 272.) Plaintiff argues that his deposition testimony, in which he stated "that the debt at issue arose from a loan he obtained to pay his rent," is sufficient evidence to meet his burden. (ECF No. 26 at 309.)

Plaintiff provides sufficient evidence that the loan was a debt. Plaintiff used the loan to "pay [his] rent" at his residence in Mississippi. (ECF No. 21-1 at 184-87.) Rent is defined as "[c]onsideration paid, usu[ally] periodically, for the use or occupancy of property." Black's Law Dictionary, 1488 (10th ed. 2014). Money used to pay for occupancy of residential property is money used for household purposes. Plaintiff is a "consumer" under § 1692(a)(3), and the money collected is a "debt" under § 1692(a)(5).

## 2. "Debt Collector"

A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6).

Plaintiff seeks summary judgment on his contention that Defendant is a debt collector. Plaintiff relies on a purported image of Defendant's website. Defendant responds that it is not a "debt collector" because it "never contacted Plaintiff by phone or through the mail, never attempted to communicate with Plaintiff, and never held itself out to Plaintiff as a debt collector." (ECF No. 24 at 274.) Defendant also argues that

15

the image Plaintiff offers to support his claim that Defendant is a debt collector is inadmissible. (Id. at 273.) In his reply, Plaintiff attempts to authenticate the image by representing that "the undersigned certifies that the printouts filed as Doc. 21-4 accurately represent the website listed at the top of each page, as it appeared on June 13, 2017." (ECF No. 26 at 309.)

For the purported image of Defendant's website to be admissible, it must be authenticated. Federal Rule of Evidence 901(a) provides that "[t]he requirement of authentication . . . [as] a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."

Plaintiff has failed to authenticate the purported image of Defendant's website. Courts confronting images that purport to represent websites have held that "[t]o authenticate printouts from a website, the party proffering the evidence must produce some statement or affidavit from someone with knowledge of the website . . . for example a web master or someone else with personal knowledge would be sufficient." St. Luke's Cataract and Laser Institute v. Sanderson, 2006 WL 1320242, at *2 (M.D. Fla. 2006) (internal citations and quotation marks omitted); see also United States v. Bansal, 663 F.3d 634, 667-68 (Fed. Cir.

2011) (concluding that testimony of a witness with personal knowledge was sufficient to authenticate screenshot images of a website); Wady v. Provident Life and Accident Ins. Co. of America, 216 F. Supp. 2d 1060, 1064 (C.D. Cal. 2002) (sustaining objection to affidavit of a witness attempting to authenticate documents from a website because the affiant had no personal knowledge of who maintained the website). Plaintiff has not offered evidence "sufficient to support a finding that the [website] is what the proponent claims it is." Rule 901(a). The image is inadmissible and cannot be considered.

Plaintiff argues that "the Court should . . . take judicial notice of Defendant's website under Fed. R. Evid. 201." (ECF No. 26 at 309.) Judicial notice is appropriate only when a fact "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The image Plaintiff seeks to offer does not satisfy that standard. Without supporting evidence, the Court cannot verify the information found on the purported website or conclude that the website is authentic. The Court declines to take judicial notice of the image.

Plaintiff has not offered undisputed material facts to support its contention that Defendant is a debt collector as

defined by the FDCPA.  Plaintiff's Motion for Partial Summary Judgment is DENIED.[4]

**C. Whether a Garnishment Action is "Against Any Consumer"**

Section 1692i applies to "[a]ny debt collector who brings any legal action on a debt against any consumer."  Plaintiff argues that Defendant violated Section 1692i by "fil[ing] legal actions (a domestication action, and a garnishment action) against [Plaintiff] in Tennessee to collect on a personal loan." (ECF No. 23 at 234.)  Defendant argues that it is entitled to summary judgment because "a garnishment proceeding is against the garnishee, not the judgment debtor, and therefore does not qualify as a 'legal action on a debt against any consumer'" under § 1692i(a).  (ECF No. 17-1 at 67.)

The Sixth Circuit has not decided whether garnishment proceedings constitute legal actions "against any consumer" under § 1692i.  See Turnbull v. O'Reilly Rancilio P.C., No. 16-cv-11971, 2017 WL 4572334 at *2 (E.D. Mich. Oct. 13, 2017).

---

[4]     Although Defendant argues that it is not a debt collector in its Response to Plaintiff's Motion for Partial Summary Judgment, it does not make that argument in its own Motion for Summary Judgment.  Compare ECF No. 24 at 273 ("Plaintiff's attempt to establish as a matter of fact that Defendant meets the definition of a 'debt collector' based on unsupported and unauthenticated images with no context and no explanation does not carry the day.  Based on these images alone, Plaintiff cannot establish the absence of a genuine dispute regarding whether or not '[Defendant] regularly collects debts owed to others.'") with ECF No. 17-1 at 57 ("Defendant's Answer neither admits nor denies it is a 'debt collector' within the meaning of the FDCPA, [and] Defendant would submit such a determination is neither material nor dispositive to the outcome of the present motion for summary judgment.").
        That Defendant is not a debt collector for purposes of Plaintiff's Motion for Partial Summary Judgment is not dispositive of Defendant's Motion for Summary Judgment.

Plaintiff urges the Court to adopt a rule "that post-judgment legal actions, even those that are facially directed to third parties (like wage garnishments), are still taken against the consumer." (ECF No. 23 at 237.) Defendant argues that Tennessee law "make[s] clear a garnishment proceeding is against the garnishee . . . not the judgment debtor." (ECF No. 17-1 at 66.) Plaintiff argues that Defendant's approach "turns a blind eye to . . . due process concerns" and would allow "collectors to forum shop for states with limited consumer protections." (Id. at 240-41.) Plaintiff and Defendant rely on competing case law from other jurisdictions, none of which is binding on the Court.

Most courts confronting the issue have concluded, based on state law, that a garnishment action is not "against any consumer." The First Circuit, in <u>Smith v. Solomon & Solomon, PC</u>, 714 F.3d 73 (1st Cir. 2013), decided the question based on Massachusetts law. Massachusetts required the judgment creditor to file the collection action in the county in which the trustee or employer, rather than the consumer, was located. <u>Id.</u> at 75-76. Massachusetts also required the trustee or employer, rather than the consumer, to respond to the collection action. <u>Id.</u> at 76. Based on those laws, the First Circuit concluded that "[f]undamentally . . . a Massachusetts trustee process action is

geared toward compelling the *trustee* to act, not the debtor."
Id. at 76. The court held that post-judgment enforcement
proceedings under Massachusetts law did not qualify as legal
actions "against [any] consumer" under the FDCPA. Id. at 76-77.

The Eighth Circuit, in Hageman v. Barton, 817 F.3d 611 (8th
Cir. 2016), and the Seventh Circuit, in Jackson v. Blitt &
Gaines, P.C., 833 F.3d 860 (7th Cir. 2016), reached the same
conclusion based on Illinois law. Illinois required the
judgment creditor to direct its summons against the consumer's
employer, rather than the consumer, and required the employer,
rather than the consumer, to respond to and comply with any
garnishment order. Hageman, 817 F.3d at 618; Jackson, 833 F.3d
at 864. Illinois also required "wage-garnishment actions [to]
be filed in the county where the third-party employer resides,
regardless of the judgment debtor's residence." Jackson, 833
F.3d at 864. The Jackson court concluded that "[t]hese
characteristics of an Illinois wage-garnishment action make
clear . . . that it is a legal proceeding against an employer,
not a consumer." Id.

The Eleventh Circuit has held that post-judgment
garnishment proceedings under Georgia law are not actions
against consumers. In Ray v. McCullough Payne & Haan, LLC, 838
F.3d 1107 (11th Cir. 2016), the court considered Georgia's

20

garnishment law. Georgia "requires the judgment-creditor to direct its summons to the garnishee (not the consumer), and it requires the garnishee (not the consumer) to file an answer." Id. at 1111 (internal citations omitted). "[T]he governing statute specifically provides that '[a] garnishment proceeding is an action between the plaintiff [judgment-creditor] and garnishee.'" Id. For those reasons, the court concluded that "the [garnishment] process is fundamentally an action against the garnishee." Id.

The Court is persuaded that a garnishment proceeding in Tennessee is not a legal action "against any consumer" under § 1692i. Tennessee garnishment law is like the state laws analyzed by the First, Seventh, Eighth, and Eleventh Circuits. In Tennessee, service of a wage garnishment action must be directed to the garnishee, not to the consumer. Tenn. Code Ann. § 26-2-203. "If the service of the summons is made upon an employee of the garnishee rather than the garnishee, and such employee is also the judgment debtor, such summons is voidable by the court." Tenn. Code Ann. § 26-2-203(d). The garnishee, rather than the consumer, must respond to a writ of garnishment and disclose any assets the garnishee holds that belong to the debtor. Tenn. R. Civ. P. 69.05. Tennessee courts have decided that, "[u]nder the applicable statutes, the attachment of a

debtor's property by garnishment is effected when the garnishee is informed in writing that the debtor's property in the possession of the garnishee is being attached." <u>Dexter Ridge Shopping Center, LLC v. Little</u>, 358 S.W.3d 597, 605 (Tenn. Ct. App. 2010).

Garnishment proceedings are not actions "against any consumer" in Tennessee. To garnish wages lawfully, the judgment creditor need communicate only with the garnishee. The consumer does not participate in the garnishment proceeding and is not a party to the garnishment.

Plaintiff urges the Court to reject the holdings of the First, Seventh, Eighth, and Eleventh Circuits and adopt instead the Ninth Circuit's holding in <u>Fox v. Citicorp Credit Services, Inc.</u>, 15 F.3d 1507 (9th Cir. 1994). Plaintiff contends that <u>Fox</u>, "found that post-judgment legal actions, even those that are facially directed to third parties (like wage garnishments), are still taken against the consumer." (ECF No. 23 at 237.)

That is not the holding in <u>Fox</u>. The Ninth Circuit held that "[t]he plain meaning of the term 'legal action' encompasses all judicial proceedings, including those in enforcement of a previously-adjudicated right." <u>Fox</u>, 15 F.3d at 1515. <u>Fox</u> did not decide whether a garnishment action is "against any consumer."

Public policy considerations also support the conclusion here that garnishments are not actions against consumers. Congress's principal "concern underlying the FDCPA venue provision was that a debt collector would file in an inconvenient forum, obtain a default judgment, and thereby deny the consumer an opportunity to defend herself." Smith, 714 F.3d at 76 (citing S. Rep. No. 95-382, at 5 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699).

Plaintiff was not denied the opportunity to defend himself. He admits that he appeared for trial in the DeSoto County Justice Court on December 19, 2014. (ECF No. 23-1 at 250.) He also admits that "he was provided with the opportunity on December 19, 2014 to defend the original action giving rise to the Underlying Judgment." (Id.) Plaintiff "agreed to let the Underlying Judgment be entered against him." (Id. at 251.)

"The FDCPA was created to prevent abusive debt-collection practices, not to prevent law-abiding creditors from collecting on legally enforceable debts." Jackson, 833 F.3d at 866. Defendant did not employ abusive debt-collection practices in taking its judgment against Plaintiff. After the judgment had been entered, Defendant sought to collect a legally enforceable debt by garnishing Plaintiff's wages. The underlying purpose of the FDCPA is not implicated by Defendant's actions.

Plaintiff argues that excluding garnishment actions from §
1692i would "allow[] collectors to forum shop for states with
limited consumer protections, which utterly frustrates states'
efforts to protect their citizens." (ECF No. 23 at 241.) That
argument cannot be sustained. Citizens are protected because
any judgment against them must be obtained in a forum that
satisfies the requirements of § 1692i(a). The original action,
not the garnishment proceeding, is the one in which the
"consumer needs to fight to keep his lights on and his children
fed." (Id. at 240.) Once a judgment has been entered against a
consumer, the consumer is liable for the debt owed.

Plaintiff argues that excluding garnishments fails as a
matter of federalism. He contends that, by passing the FDCPA,
"Congress sought to avoid" an approach in which "whether a
garnishment action violates federal law [] varies [from] state
to state." (ECF No. 23 at 241.)

Although the FDCPA is a federal law, "[c]ontroversies . . .
governed by federal law[] do not inevitably require resort to
uniform federal rules." United States v. Kimbell Foods, Inc.,
440 U.S. 715, 727-728 (1979). "[I]f there is little need for a
nationally uniform body of law, state law may be incorporated as
the federal rule of decision, so long as application of state

law would not frustrate specific objectives of the federal programs." Id.

The incorporation of state garnishment law is consistent with Congress's intent in enacting the FDCPA. Congress "expressed a strong public policy disfavoring dishonest, abusive, and unfair consumer debt collection practices." Hamilton, 310 F.3d at 392; see also 15 U.S.C. § 1692(e). Relying on state garnishment law does not frustrate that purpose. Before any garnishment can occur, the debtor must obtain a judgment against the consumer in a venue that is appropriate under § 1692i.

Justice Brandeis once observed that "[o]ne of federalism's chief virtues . . . is that it promotes innovation by allowing for the possibility that a single courageous State may, if its citizens choose, serve as a laboratory; and try novel social and economic experiments without risk to the rest of the country." New State Ice Co. v. Liebmann, 285 U.S. 262, 311 (1932) (Brandeis, J., dissenting).

As Plaintiff points out, states such as Texas, Pennsylvania, and North Carolina have "outright banned or severely limited wage garnishment." (ECF No. 23 at 241.) Others, such as Florida, prohibit garnishments in certain

circumstances.[5]  Debate over the proper garnishment regime is ongoing.[6]  That is how our federal system is supposed to work.

Wage garnishment proceedings in Tennessee are not legal actions "against any consumer" under § 1692i.  The FDCPA does not apply to Defendant's garnishment of Plaintiff's wages. Defendant's Motion for Summary Judgment is GRANTED.

### D. Rule 11 Sanctions

Defendant's Rule 11 Motion asks the Court to "enter an Order imposing sanctions to the fullest extent allowed by Fed. R. Civ. P. 11(c), up to and including dismissal of the Complaint and all expenses and reasonable attorney's fees incurred by Defendant in connection with this meritless and time barred case." (ECF No. 18 at 123.)

Defendant's memorandum in support of its Rule 11 Motion largely restates the arguments in its Motion for Summary Judgment.  Defendant contends that its garnishment of Plaintiff's wages did not violate the FDCPA and that Plaintiff's claim is untimely because it was brought outside the statute of limitations. (Id. at 128-41.)  Defendant argues that Plaintiff should be sanctioned because of "(i) lack of merit to [Plaintiff's] substantive claims, (ii) expired statute of

---

[5] Carolyn Carter & Robert J. Hobbs, No Fresh Start: How States Let Debt Collectors Push Families Into Poverty 31 (National Consumer Law Center 2013).
[6] See, e.g., MICH. COMP. LAWS § 600.4012 (amending Michigan's garnishment laws in 2015).

limitations, (iii) Plaintiff's Counsel focusing exclusively on litigation under the FDCPA and other consumer protection laws, (iv) failure to research beyond a subjective interpretation of the statute, and (v) an abundance of adverse case law and commentary." (Id. at 143.)

Sanctions are not appropriate. "In this Circuit, the test for whether Rule 11 sanctions are warranted is whether the conduct for which sanctions are sought was 'reasonable under the circumstances.'" Salkil v. Mount Sterling Tp. Police Dept., 458 F.3d 520, 528 (6th Cir. 2006) (internal quotations omitted). Plaintiff's claim is not time barred. Plaintiff's arguments are reasonable.

Defendant cites Tyler, 736 F.3d 455, to support its claim that "the Sixth Circuit has rejected Plaintiff's apparent measure of the statute of limitations." (ECF No. 17-1 at 67.) Tyler, as Defendant concedes, "arose in the context of a bankruptcy proceeding." (Id. at 68.) Several district courts have distinguished Tyler when addressing the FDCPA's statute of limitations, and the Sixth Circuit has acknowledged that it has not decided when the FDCPA statute of limitations begins to run. See Lloyd, 639 Fed. Appx. at 306. Given this lack of binding authority, Plaintiff's arguments are not unreasonable or meritless.

Defendant's other arguments to support sanctions are not persuasive. Plaintiff did not "fail[] to research beyond a subjective interpretation of the statute." (ECF No. 18-1 at 143.) The Sixth Circuit has not decided whether garnishments are legal actions against consumers. Plaintiff has made a good-faith argument that they are. Because there is no binding authority, Plaintiff's arguments are not objectively unreasonable.

Sanctions are not warranted. Defendant's Rule 11 Motion is DENIED.

## V.    Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED, and Plaintiff's Motion for Partial Summary Judgment and Defendant's Rule 11 Motion are DENIED.


So ordered this 29th day of December, 2017.


/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE