# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **BENJAMIN FISH,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:17-cv-02093-SHM-EGB ) |
| **STONE, HIGGS & DREXLER, P.C.,** | ) ) |
| Defendant. | ) |

## ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

Before the Court is Plaintiff Benjamin Fish's Motion to Alter or Amend Judgment, filed on January 25, 2018. (ECF No. 29.) Defendant Stone, Higgs & Drexler, P.C. responded on February 8, 2018. (ECF No. 30.)

For the reasons below, Plaintiff's Motion to Alter or Amend Judgment is DENIED.

## I. Background

The facts are stated more fully in the Order dated December 29, 2017. (ECF No. 27.)

On February 10, 2017, Plaintiff filed his Complaint. (ECF No. 1 at 1.)[1] The Complaint alleged that Defendant had "violated 15 U.S.C. § 1692i(a)(2) by bringing a legal action on a debt

---

[1] Unless otherwise noted, all pin cites for record citations are to the "PageID" page number.

against Plaintiff when it filed an application to enroll a foreign judgment for the Debt against Plaintiff" and "by bringing a legal action on a debt against Plaintiff when it filed an application for a writ of execution to enforce the judgment for the Debt against Plaintiff." (Id. at 6-7.)

On July 12, 2017, Defendant filed a Motion for Summary Judgment. (ECF No. 17; see also ECF No. 17-1.) Plaintiff responded on August 9, 2017. (ECF No. 23.) Defendant replied on August 23, 2017. (ECF No. 25.)

Also on July 12, 2017, Defendant filed a Motion for Rule 11 Sanctions Against Plaintiff's Counsel ("Rule 11 Motion"). (ECF No. 18; see ECF No. 18-1.) Plaintiff responded on July 26, 2017. (ECF No. 22.)

On July 26, 2017, Plaintiff filed a Motion for Partial Summary Judgment. (ECF No. 20.) Defendant responded on August 23, 2017. (ECF No. 24.) Plaintiff replied on September 6, 2017. (ECF No. 26.)

On December 29, 2017, the Court entered an Order granting Defendant's Motion for Summary Judgment, denying Plaintiff's Motion for Partial Summary Judgment, and denying Defendant's Rule 11 Motion. (ECF No. 27.) The Court concluded that "[w]age garnishment proceedings in Tennessee are not legal actions 'against any consumer' under § 1692i." (Id. at 344.) Thus,

"[t]he [Fair Debt Collection Practices Act (the "FDCPA")] does not apply to Defendant's garnishment of Plaintiff's wages." (Id.)

On December 29, 2017, the Court entered judgment for Defendant. (ECF No. 28.)

Plaintiff now moves the Court to Alter or Amend Judgment. (ECF No. 29.)

**II. Standard of Review**

Within 28 days after the entry of judgment, a party may file a motion to alter or amend the judgment. See Fed. R. Civ. P. 59(e). "A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent a manifest injustice." Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005). "The purpose of Rule 59(e) is 'to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings.'" Howard v. United States, 533 F.3d 472, 475 (6th Cir. 2008) (quoting York v. Tate, 858 F.2d 322, 326 (6th Cir. 1988)). Whether to grant a Rule 59(e) motion is within the district court's informed discretion. Betts v. Costco Wholesale Corp., 558 F.3d 461, 467 (6th Cir. 2009).

**III. Analysis**

Section 1692i(a)(2) of the FDCPA applies to "any legal action on a debt against any consumer." 15 U.S.C. § 1692i(a). Agreeing with the reasoning of other courts, the Court held that a garnishment proceeding is not an action "against any consumer" in Tennessee because "[t]he consumer does not participate in the garnishment proceeding and is not a party to the garnishment."[2] (Id. at 340.) Thus, "[t]he FDCPA does not apply to Defendant's garnishment of Plaintiff's wages." Id. at 344.

Count I of Plaintiff's Complaint alleged that "Defendant violated 15 U.S.C. § 1692i(a)(2) by bringing a legal action on a debt against Plaintiff when it filed an application to enroll a foreign judgment for the Debt against Plaintiff, where the action was not brought in the judicial district . . . where Plaintiff resides . . . ." (ECF No. 1 at 6.) The Court granted Defendant's Motion for Summary Judgment on Count I and Count II of Plaintiff's Complaint. (See ECF No. 27.)

---

2    Several courts have also held that registration of a foreign judgment is not a "legal action . . . against a consumer." See, e.g., Hageman v. Barton, 817 F.3d 611, 617 (8th Cir. 2016) ("We conclude that § 1692i's venue restriction does not apply to the simple act of registering a foreign judgment in Illinois . . . ."); Smith v. Solomon & Solomon, PC, 714 F.3d 73, 74 (1st Cir. 2013) (holding that the FDCPA does not "control[] the choice of venue in a post-judgment enforcement action to recover a debt"); McDermott v. Barton, No. 14-CV-704-NJR-PMF, 2014 WL 6704544, at *6-7 (S.D. Ill. Nov. 26, 2014) (rejecting the claim that "[defendant] violated the FDCPA . . . by registering the judgment . . . in Madison County, Illinois, when [plaintiff] does not live in Madison County, his employer is not located in Madison County, and Madison County has no connection whatsoever with him or the alleged underlying debt").

4

Plaintiff contends that "the Court's [O]rder provided no analysis of Count I of Plaintiff's complaint, and the Court provided no explanation for entering summary judgment on this claim or finding that a domestication action is not an action against a consumer for purposes of § 1692i."[3] (ECF No. 29 at 350.) Plaintiff argues that he is entitled to relief because:

> Entering summary judgment on Count I of Plaintiff's complaint renders the Court's opinion internally inconsistent. If Defendant's garnishment action was an action against the garnishees based on the four factors outlined in the Court's opinion, those same factors compel a finding that a Defendant's domestication action was an action against Plaintiff.

(Id. at 352.) The Court construes Plaintiff's motion to argue that the Court's Judgment ought to be amended to prevent a manifest injustice. See Henderson, 428 F.3d at 620.

Plaintiff cites Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507, 1515 (9th Cir. 1994) for the proposition that § 1692i(a) applies to "any post judgment proceeding relating to a debt." (ECF No. 29 at 350-51.) Fox held that "any judicial proceeding relating to [a] judgment constitutes a 'legal action on a debt'" under the FDCPA. 15 F.3d at 1515. The Fox court reasoned that there was "no indication that Congress intended to

---

[3] In this Order, "domestication," "enrollment," and "registration" of a judgment are used interchangeably to refer to the time "[a] foreign judgment . . . is given the same effect that it has in the state where it was rendered with respect to the parties, the subject matter of the action and the issues involved." Restatement (Second) of Conflict of Law ch. 5, topic 2, introductory cmt., at 277 (1971).

5

exclude enforcement actions, entailing the same concerns as initial adjudications, from the [FDCPA's] venue provision." Id.

Two circuits have addressed the holding in Fox. In Jackson v. Blitt & Gaines, P.C., the Seventh Circuit "agree[d] that 'legal action' under § 1692i means all judicial proceedings." 833 F.3d 860, 863 (2016). The court conceded that the FDCPA and Black's Law Dictionary do not define "legal action." Id. However, the court relied on the "definition [of] 'action' under the heading 'Practice': 'It includes all the *formal proceedings in a court of justice* attendant upon the demand of a right made by one person of another in such court, including an adjudication upon the right and its enforcement or denial by the court.'" Id. (emphasis in original).

In Smith v. Soloman & Solomon, P.C., the First Circuit rejected the Fox court's definition of "legal action." The court stated that if it "were to interpret the FDCPA venue provision as Fox . . . [does], it would be impossible for a debt collector to enforce a prior judgment . . . ." 714 F.3d 73, 77 (2013). The court refused to "read the FDCPA as mandating such a strange result."

Fox, Jackson, and Smith are non-binding. The Sixth Circuit has not addressed the meaning of "legal action" under the FDCPA. The Court is persuaded that the registration of a foreign

6

judgment in Tennessee is not a "legal action" contemplated by the FDCPA. A definition of "legal action" that included post-judgment proceedings such as registration would conflict with the underlying purposes of the FDCPA.

When interpreting statutes, courts "must look to the particular statutory language at issue, as well as the language and design of the statute as a whole." K Mart Corp. v. Cartier, Inc., 486 U.S. 281, 291 (1988). "[S]tatutes always have some purpose or object to accomplish, whose sympathetic and imaginative discovery is the surest guide to their meaning." Cabell v. Markham, 148 F.2d 737, 739 (2d Cir. 1945), aff'd, 326 U.S. 404 (1945). A statutory text should be interpreted "not in a vacuum, but with reference to the statutory context, 'structure, history, and purpose,' . . . not to mention [with] common sense." Abramski v. United States, 134 S. Ct. 2259, 2267 (2014) (citing Maracich v. Spears, 570 U.S. 48, 76 (2013)).

One purpose of the FDCPA is to eliminate abusive debt collection practices. Newsom v. Friedman, 76 F.3d 813, 819 (7th Cir. 1996). "The Congressional concern underlying the FDCPA venue provision was that a debt collector would file in an inconvenient forum, obtain a default judgment, and thereby deny the consumer an opportunity to defend herself." Smith, 714 F.3d

7

at 76 (citing S. Rep. No. 95-382, at 5 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699).

Plaintiff was not denied the opportunity to defend himself. He admits that "he was provided with the opportunity on December 19, 2014 to defend against the original action giving rise to the Underlying Judgment" in the DeSoto County Justice Court. (ECF No. 23-1 at 250.) Plaintiff "agreed to let the Underlying Judgment be entered against him." (Id. at 251.) The FDCPA's purpose was not implicated by Defendant's actions.

Indeed, the registration of any foreign judgment requires a court to have entered a judgment against the defendant. Registration in Tennessee requires "[a] person [to] file a copy of the [foreign] judgment that has been authenticated in accordance with Tennessee law." Baumann v. Williams, No. M2006-00962-COA-R3-CV, 2007 WL 3375365, at *2 (Tenn. Ct. App. Nov. 13, 2007). The FDCPA requires that the legal action giving rise to the judgment be brought in a district in which the consumer signed the contract sued upon or a district in which the consumer resides. 15 U.S.C. § 1692i. That provision of the FDCPA protects consumers by prohibiting debt collectors from filing collection suits in inconvenient jurisdictions. "If a judgment has been obtained from a forum that satisfies the requirements of [the FDCPA]," it is reasonable to allow it to be

8

enforced in another jurisdiction "because the consumer previously has had the opportunity to defend the original action in a convenient forum." Statements of General Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50,097, 50,109 (Dec. 13, 1988); see Smith, 714 F.3d at 76 ("The original suit to collect on the debt occurred in a forum that was convenient for [Plaintiff] . . . . He was not, in the words of Congress, 'denied [his] day in court'") (internal quotations omitted).

Another reason registration does not implicate this purpose of the FDCPA is that a consumer may continue to dispute the validity of the underlying judgment after it has been registered. Registration of a foreign judgment in Tennessee is not a determination that the judgment is enforceable against Plaintiff. See Baumann, 2007 WL 3375365, at *2. "Rather, the decision to allow enrollment reflects a conclusion that the document has been properly authenticated as a valid judgment from a sister state. . . . [Plaintiff] remains free to argue that the judgment is [invalid]." Id.; see Nationwide Ins. Enter. v. Ibanez, 246 S.W.3d 883, 886 (Ark. 2007) (holding that the Uniform Enforcement of Foreign Judgments Act, the same statute adopted in Tennessee, "requires only that the foreign judgment be regular on its face and duly authenticated to be

9

subject to registration."). Registration of a foreign judgment does not deprive consumers of the opportunity to defend themselves.

The FDCPA also seeks to "[e]nsure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e); see Jackson, 833 F.3d at 866 (finding that the FDCPA was not designed "to prevent law-abiding creditors from collecting on legally enforceable debts"). Plaintiff's interpretation of the statute would disadvantage law-abiding debt collectors.

Interpreting § 1692i to apply to the registration of foreign judgments would allow debtors to evade the payment of legally enforceable debts. Under Plaintiff's theory of the FDCPA, it would not matter that a debt collector has abided by § 1692i's venue provision and obtained a judgment against the debtor in a proper district. Debt collectors like Defendant could never collect a judgment through garnishment simply because a debtor works in a district outside the district in which he resides. Were that so, debtors could easily avoid payment of just debts. The text and purpose of the FDCPA do not support that result. Cf. Green v. Bock Laundry Machine Co., 490 U.S. 504, 509 (1989).

Section 1692i does not apply to a wage garnishment proceeding or to the registration of a foreign judgment in Tennessee. A wage garnishment is not a legal action "against a consumer." The consumer is not a party to a garnishment. The registration of a foreign judgment in Tennessee is not a "legal action." The FDCPA does not apply to Defendant's registration of its Mississippi judgment against Plaintiff. Plaintiff's Motion to Alter or Amend Judgment is DENIED.

**IV. Conclusion**

For the foregoing reasons, Plaintiff's Motion to Alter or Amend Judgment is DENIED.

So ordered this 19th day of April, 2018.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE